IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No: 15-CR-22 |
| | ) | |
| v. | ) | |
| | ) | Judge: Donald E. Walter |
| MICHAEL D. BONIN | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

Before the Court are the following two motions, filed by Defendant Michael D. Bonin: Motion for Judgment of Acquittal or for a New Trial [Doc. #164]; and Motion to Dismiss for Destruction of Evidence [Doc. #165]. The Government opposes the motions [Docs. ##172, 173]. For the following reasons, the motions are **DENIED**.

On April 5, 2017, following a jury trial, Defendant Bonin was found guilty of falsely impersonating an officer or employee acting under the authority of the United States, in violation of 18 U.S.C. § 912, as charged in count one of the superseding indictment. In his first motion, Defendant Bonin moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29 or, in the alternative, a new trial under Federal Rule of Criminal Procedure 33.

"The sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction." *United States v. Fozo*, 904 F.2d 1166, 1171 (7th Cir. 1990). "In considering the sufficiency of the evidence, we review it in the light most favorable to the prosecution, and as long as any rational jury could have returned a guilty verdict, the verdict must stand." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (citation omitted). In this case, to prove Defendant Bonin guilty, the Government was required to prove beyond a

reasonable doubt that the defendant (1) falsely assumed or pretended to have been an officer or employee acting under authority of the United States Marshals Service; and (2) acted as such. [Doc. #156, p. 13]. With respect to the second element, the Government was required to prove that the defendant acted in a manner consistent with his pretended authority as an officer or employee of the United States Marshals Service. *Id.* at p. 14.

The Government met its burden through, *inter alia*, the testimony of theater patron Patrick Alfich and Chicago police officers Brian Reidy and Brenda Guillory.[1] It was within the province of the jury to weigh the credibility of these witnesses, as well as the credibility of the defendant himself, who also testified. In order for this Court to grant a Rule 29(c) judgment of acquittal, Defendant Bonin would have to show that "'the record contains no evidence, regardless of how it is weighed,' from which a jury could have returned a conviction." *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009) (citations omitted). Deferring to the credibility determinations of the jury, Defendant Bonin has not and cannot meet that burden. There was sufficient evidence from which the jury could find that the defendant falsely pretended to be a United States Marshal and acted in a manner consistent with that authority, in order to sustain his conviction under 18 U.S.C. § 912.

Alternatively, Defendant Bonin seeks a new trial, pursuant to Rule 33, to remedy what the defendant deems a "serious danger that a miscarriage of justice has occurred." [Doc. #164, p. 8 (quoting *United States v. Morales*, 902 F.2d 604, 606 (7th Cir. 1990)]. In his pursuit of a new trial, the defendant asserts various constitutional challenges and alleges procedural and evidentiary errors, which he argues individually and cumulatively amounted to prejudicial error.

---

[1] Officer Reidy was the off-duty Chicago Police Officer, acting as theater security during the relevant incident, on December 4, 2014. [Doc. #159, pp. 187-88]. Officer Guillory was one of the on-duty responding officers, called to the scene, on December 4, 2014. [Doc. #159, p. 215].

"Rule 33 of the Federal Rules of Criminal Procedure permits a court to 'vacate any judgment and grant a new trial if the interest of justice so requires.'" *United States v. Peterson*, 823 F.3d 1113, 1122 (7th Cir. 2016) (quoting Fed. R. Crim. P. 33(a)). "A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994) (citation omitted).

At the outset, this was a relatively simple trial. As stated above, the sole charge required that the Government prove two elements, through evidence surrounding, and arising out of, one incident which occurred on December 4, 2014. Some of Defendant Bonin's arguments in the instant motions seem to conflate, as did some pretrial arguments and requested instructions [*see, e.g.,* Doc. # 114, p. 15], the two separate offenses created by 18 U.S.C. § 912. Those two offenses are: "(1) false impersonation of a federal official coupled with an overt act in conformity with the pretense and (2) false impersonation of a federal official coupled with demanding or obtaining a thing of value." *United States v. Rippee*, 961 F.2d 677, 678 (7th Cir. 1992). Defendant Bonin was charged with and convicted of the first offense, referred to in this case as the "acts as such" offense.

Defendant Bonin argues that his conviction violates the First Amendment, and that both this Court and the Government made comments which exacerbated the risk that Bonin may have been convicted in violation of his First Amendment right to free speech, including false speech. To the extent the defendant seeks reconsideration of First Amendment arguments advanced prior to trial, the Court agrees with the Government that those issues were adequately addressed by pretrial rulings, and neither the testimony presented, arguments advanced by the Government, nor instructions given at trial, undermined or violated those rulings. As Judge Gettleman stated, this is simply "not a First Amendment case[.]" [Doc. #114, p. 19]. Section 912 "protect[s] the

integrity of Government processes, quite apart from merely restricting false speech." *United States v. Alvarez*, 567 U.S. 709, 721 (2012) (plurality). The statute "itself [is] confined to 'maintain[ing] the general good repute and dignity of . . . government . . . service itself.'" *Id.* (quoting *United States v. Lepowitch*, 318 U.S. 702, 704 (1943) (internal quotation marks and alteration omitted)).

Defendant Bonin argues that he must have been convicted for *merely*, and falsely, *saying* that he was a United States Marshal, because each other component of his behavior was otherwise lawful, when viewed in isolation, *i.e.* carrying a firearm when he possessed a concealed carry license and carrying a badge issued by a real organization. The trial testimony belies this argument. Over the Government's objection, the defendant was allowed to elicit testimony regarding Defendant Bonin's concealed carry license [*see* Doc. #159, pp. 7-8, 14-15]; however, the eyewitness testimony at trial was that the defendant's firearm was not concealed on the night in question. As noted above, with respect to the second element, the Government was required to prove that the defendant *acted* in a manner consistent with his pretended authority as an officer or employee of the United States Marshals Service. [*See* Doc. #156, pp. 13-14 (emphasis added)]. The combined testimony of the theater patron, as well as the law enforcement officers involved, allowed the jury to infer from the combination of the defendant's actions and statements that he was impersonating a United States Marshal and acting in conformity with that pretense. The jury was properly instructed, and the evidence presented at trial was sufficient to sustain a conviction, on the instructions given.

Included in the final jury instructions were the following admonitions, which satisfy this Court in concluding that the jury did not improperly consider any statements or questions from the bench:

> You must not take anything I said or did during the trial as
> indicating that I have an opinion about the evidence or about what
> I think your verdict should be.
>
> During this trial, I have asked a witness a question myself. Do not
> assume that because I asked questions I hold any opinion on the
> matters I asked about, or on what the outcome of the case should
> be.

[Doc. #156, pp. 2-3].[2]

Defendant Bonin also argues that "[i]f § 912 is interpreted to apply to the conduct in this case, then it is unconstitutionally vague for not providing adequate notice of what is prohibited." [Doc. #164, p. 10]. Again, the defendant extracts isolated behaviors, and testimony regarding same, in advancing his claim that he was convicted merely for lawful behavior, and again, the trial testimony belies his argument. As recognized pretrial,[3] the Supreme Court has held that "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756 (1974). Bonin's post-trial argument ignores the fact that the jury was entitled to view *all* of the evidence taken together, in order to determine whether the defendant was acting in a manner consistent with his pretended authority as a United States Marshal.

Here, trial testimony established that Defendant Bonin repeatedly identified himself as a United States Marshal, while dressed in a manner consistent with his false impersonation, including wearing a badge and a visible firearm together on a "duty belt," and falsely assumed and projected the authority of a United States Marshal, both inside the theater, and outside, in response to theater security and law enforcement officers. This Court is confident that the trial

---

[2] The Court finds that this instruction likewise sufficed to prevent the jury's improper consideration of the Court's anecdotal story. [*see* Doc. #164, pp. 17-19].

[3] Pretrial, Judge Gettleman acknowledged Defendant Bonin's challenge but noted that as-applied challenges for unconstitutional vagueness must be evaluated "as applied to the particular facts at issue." [*See* Doc. #56, p. 9, quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010)].

testimony sufficed to ensure that Defendant Bonin could only be, and was, convicted for an act "in keeping with his pretended character." *See United States v. Hamilton*, 276 F.2d 96, 98 (7th Cir. 1960) ("Defendant's action in wearing firearms in the Martin home was an act in keeping with his pretended character[;] [h]e said he was an F.B.I. agent, and he was acting as such."); *Rippee*, 961 F.2d at 678 (noting § 912 criminalizes "false impersonation of a federal official coupled with an overt act *in conformity with* the pretense") (emphasis added).

To the extent Defendant Bonin repeats earlier challenges to the final jury instructions, those arguments are rejected as meritless. As noted by the defendant, the Seventh Circuit has no pattern instruction for the elements of 18 U.S.C. § 912. [Doc. #164, p. 21]. The jury instructions were therefore litigated pretrial. Judge Gettleman ruled and specifically noted that pretrial rulings on jury instructions "are always subject to change depending on the evidence that comes in at the trial." [*See* Doc. #114, p. 3]. This Court familiarized itself with all relevant pretrial rulings, made necessary adjustments prior to finalizing the instructions at trial,[4] and, upon review, remains confident that the given instructions were correct statements of the law. This finding envelopes the defendant's arguments that he was improperly precluded from presenting evidence of his mental state and improperly denied a mens rea instruction. [*see* Doc. 164, pp. 16-17]. As was the case at trial, this Court cannot see the relevance of any such evidence. The right to present a defense is not absolute; a court is entitled to exclude evidence which is not relevant or only marginally relevant. *See United States v. Laguna*, 693 F.3d 727, 730 (7th Cir. 2012).

Defendant Bonin's final argument in favor of a new trial is that he was prejudiced by the reassignment of this case, from Judge Gettleman to the undersigned, after all pretrial rulings had been issued. This Court is unpersuaded. Having reviewed the relevant pretrial rulings, and

---

[4] *See, e.g.*, Doc. #156, p. 8.

familiarized itself with the facts and applicable law, this Court was fully prepared at the start of trial. Furthermore, as always, the parties were afforded ample opportunity to make objections, as needed, at trial, and, in hindsight, this Court does not find that Defendant Bonin suffered any prejudice from the reassignment. For all the reasons stated herein, the motion [Doc. #164] is hereby **DENIED**.

The Court now turns to Defendant Bonin's second motion [Doc. #165], in which he seeks dismissal of the indictment, or a new trial,[5] based on the alleged destruction of interview notes by Deputy Richard Walenda of the United States Marshal's Service.[6] Deputy Walenda was the law enforcement officer responsible for interviewing fact witnesses, arresting the defendant, and authoring the affidavit in support of the criminal complaint in this case. However, he was not called at trial by the Government; rather, he was called by the defendant, purportedly to impeach Officer Reidy's earlier testimony. [Doc. #165, p. 4]. On cross-examination, Officer Reidy testified that he did not personally learn, while acting as theater security on December 4, 2014, that Defendant Bonin had a concealed carry license. [Doc. #159, p. 198]. It is Defendant Bonin's position that Officer Reidy's testimony contradicts Deputy Walenda's report of his December 5, 2014 interview of Officer Reidy. [Doc. #165, p. 4; Doc. #159, p. 200-03, 208-09]. That report, which is dated December 9, 2014, entitled "Report of Investigation" and identified as a report of "witness interview," provides, in its entirety:

> On Friday December 5, 2014, JSI Walenda telephonically
> interviewed Brian Reedy (sic), part time security officer for AMC
> Theaters and full time Chicago Police Officer. Ofcr. Reedy was at
> the theater when Chicago Police Officers arrived to investigate a
> "man with a gun" call in the theater. *The man in question was*

---

[5] The Court is mindful of the legal standards applicable to requests for a new trial, set forth above.

[6] Despite Defendant Bonin referencing "the government's earlier disclosure that Deputy Walenda destroyed his witness interview notes," there is no citation or record reference to any such "disclosure" nor is there any evidence that any such destruction actually occurred. [Doc. #165, p. 1; *see also* Doc. #165, pp. 4, 6-7]. Finding absolutely no support for the allegation of bad faith destruction of evidence, the Court declines to engage in further analysis.

*identified as Michael Bonin via* driver's license, *Illinois Concealed Carry Card*, and a federal law enforcement credential. Reedy let the responding officers deal with the situation.

[Doc. #165-3, p. 2 (emphasis added)]. It is the defendant's position that Deputy Walenda "doctored" his report to include the italicized information, which did not come from the witness, Officer Reidy. [Doc. #165, p. 8]. Simply put, this argument is a nonstarter.

The Court disagrees with Defendant Bonin's characterization of both Deputy Walenda's report, as well as the trial testimony of both Deputy Walenda and Officer Reidy. Regardless, the defendant had ample opportunity to bring any perceived discrepancies to light, through the testimony of each of the witnesses, in order for the jury to weigh the evidence and make appropriate credibility determinations. Upon review of the trial testimony, and considering the lack of *any* indication of bad faith appearing in the record, this Court finds that Defendant Bonin has simply mischaracterized the trial testimony, in an attempt to create a discrepancy in the proceedings, and/or a disclosure violation by the Government, where none exists. Finding no basis for dismissal of the indictment or a new trial, the motion [Doc. #165] is **DENIED**.

ENTER:  July 20, 2017

DONALD E. WALTER
UNITED STATES DISTRICT COURT